IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
BONNITA THOMAS-McDONALD,         *
as Guardian for James D. Rucker, *
                                 *
          Plaintiff,             *
                                 *
     v.                          *      CV 113-050
                                 *
ERIC K. SHINSEKI, Secretary,     *
Department of Veterans Affairs,  *
United States Department of      *
Veterans Affairs; SIMONE BROWN,  *
Acting Social Work Executive,    *
Charlie Norwood Veterans         *
Administration Medical Center;   *
THOMAS HARTNEY, M.D., Attending  *
Physician, Charlie Norwood       *
Veterans Administration          *
Medical Center; DEPARTMENT OF    *
VETERANS AFFAIRS,                *
                                 *
          Defendants.            *
```

# O R D E R

Presently pending before the Court is Plaintiff's motion for a temporary restraining order, preliminary injunction, and permanent injunction. (Doc. no. 1.) Plaintiff requests that the Court enter a temporary restraining order and preliminary injunction enjoining Defendants from discharging, relocating, or making any efforts to remove James D. Rucker from his current unit and room at the Charlie Norwood Veteran's Administration Medical Center in Augusta, Georgia. For the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff seeks to invoke the Court's power to issue a temporary restraining order under Federal Rule of Civil Procedure 65(b). The Court may issue such an order without notice to Defendants or their attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff's request is deficient as Plaintiff has failed to fully satisfy these requirements.

First, Plaintiff has not filed "an affidavit or a verified complaint."[1] See Fed. R. Civ. P. 65(b)(1)(A). Even considering the documents attached to Plaintiff's memorandum, Plaintiff has not set forth specific facts clearly showing that immediate and irreparable loss would result "before [Defendants] can be heard in opposition."[2] See id.

Second, while Plaintiff's counsel did file a certification, it did not adequately explain why notice should be excused under the circumstances of this case. See Fed. R. Civ. P. 65(b)(1)(B). Moreover, Plaintiff's counsel discussed good faith

---

[1] Plaintiff has not even filed an unverified complaint.

[2] None of the documents submitted clearly show that Defendants intend to discharge Mr. Rucker in the immediate future. (See Doc. no. 2., Exs. 1-26.)

efforts to provide notice to counsel for the United States, but did not discuss good faith efforts to provide the individual Defendants with notice.

"An *ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution," and the Court is unwilling to permit use of this extreme remedy in light of these deficiencies.  <u>Levine v. Comcoa Ltd.</u>, 70 F.3d 1191, 1194 (11th Cir. 1995).  Accordingly, Plaintiff's motion for a temporary restraining order (doc. no. 1) is **DENIED**.

However, as to Plaintiff's motion for a preliminary injunction, it is **ORDERED** that a hearing will be held on **April 17, 2013, at 10:00 a.m.**, in Courtroom 2 of the Federal Justice Center located at 600 James Brown Boulevard, Augusta, Georgia, 30901.  Plaintiff is hereby **INSTRUCTED** to **SERVE** upon *all* Defendants a copy of this Order without delay.  Plaintiff is further **INSTRUCTED** to **FILE** a complaint and **SERVE** upon *all* Defendants a copy of the complaint without delay.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of April, 2013.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3